UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ROSSI PIZARRO MERJILDO (A No. 246-010-770),<br><br>    Petitioner,<br><br>    v.<br><br>CHESTNUT, et al.,<br><br>    Respondents. | Case No. 1:26-cv-03577-JLT-SAB<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; RESCINDING NO-TRANSFER ORDER; AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 2, 4) |

Before the Court is Judith Rossi Pizarro Merjildo's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) The government filed a response, asserting that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a)(2) because she is now subject to a final order of removal that immediately took effect when she filed a motion to reopen during the voluntary departure period. (Doc. 6 at 1–2); 8 C.F.R. § 1240.26(b)(3)(iii). Petitioner filed a reply arguing that (1) she is not subject to a final order of removal pending a determination on her motion to reopen; and that (2) she is entitled to a stay of removal in the interim. (Doc. 7 at 3–8.) For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Peru who entered the United States years ago, was encountered by immigration officials upon entry, and was released pursuant to an Intensive Supervision Appearance Program ("ISAP").[2] (*See* Doc. 2 at 3.) On December 22, 2025, an Immigration Judge granted Petitioner's request for pre-conclusion voluntary departure and withdrew her pending applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. (Doc. 6-1 at 1–2.) In granting voluntary departure, the IJ ordered the Petitioner to depart by April 21, 2026, and indicated that a "[f]ailure . . . to depart by the required date [would] result in an alternate order of removal to Peru, Ecuador, Honduras taking effect immediately." (*Id*. at 2.) The order further indicates that "[i]f [Petitioner] files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated." (*Id*. at 3.)

On March 23, 2026, Petitioner filed a Motion to Reopen asking the immigration court to reopen proceedings based on two grounds. (Doc. 1 at 3.) Namely, through (1) Petitioner's VAWA self-petition filed March 23, 2026, where she requests immigration relief as a victim of extensive domestic violence; and an (2) ineffective assistance of counsel claim based on her prior counsel's failure to inform her of VAWA eligibility and the consequences of accepting voluntary departure. (*Id*.; *see also* Doc. 2 at 3; Doc. 2-1 at 3.) The Motion to Reopen also requests the immigration court terminate removal proceedings and stay removal pending adjudication of the motion. (Doc. 1 at 3; Doc. 2 at 3.) By operation of law, the Motion to Reopen—filed during the period allowed for voluntary departure—

the habeas petition. (Doc. 4.) Neither party requests a hearing or further briefing, and both parties request a decision on the habeas petition. (*See* Docs. 6, 7.) Accordingly, given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

[2]  Though Petitioner does not specify when she entered the United States, she notes that her U.S. citizen child was born January 30, 2004, (Doc. 2 at 3), therefore she likely immigrated to the United States before then. Additionally, though she does not explicitly state that she was encountered upon entry, she nonetheless indicates that she is subject to a series of ISAP requirements, which suggests that Petitioner was encountered upon entry and released on an order of supervision. (*See* Doc. 2 at 3.) The record further suggests that Petitioner had a series of applications for immigration relief prior to being granted pre-conclusion voluntary departure. (*See* Doc. 6-1 at 1–2.) As such, the Court concludes that she was encountered upon entry and released on ISAP. Respondents offer no evidence or argument to the contrary. (*See* Doc. 6.)

terminated Petitioner's grant of voluntary departure. (Doc. 2-1 at 2); *see* 8 C.F.R. § 1240.26(i).

On May 5, 2026, Petitioner was arrested by ICE after she appeared for a routine ICE check-in. (Doc. 1 at 2.) According to Petitioner, she has "fully complied with all ISAP requirements, [and] ha[s] never missed a check-in." (Doc. 2-1 at 3.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 6.) On May 8, 2026, Petitioner's counsel requested ICE release the Petitioner pending a determination on her Motion to Reopen, to which ICE never responded. (Doc. 1 at 3; Doc. 2-1 at 3–4.) On May 10, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order. (Docs. 1, 2.) On May 11, 2026, Respondents filed an opposition (Doc. 6), and on May 24, 2026, Petitioner filed a reply. (Doc. 7.)

## II.     DISCUSSION

### A. In Filing a Motion to Reopen to Withdraw Her Request for Voluntary Departure, Petitioner Became Subject to an Alternate Order of Removal.

Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins. [T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021). To resolve this case, the Court must first determine whether Petitioner is subject to a final order of removal. *Id*. at 534.

The IJ granted voluntary departure on December 22, 2025, and gave Petitioner until April 21, 2026, to voluntarily depart. (Doc. 6-1 at 1–2.) Petitioner then sought to withdraw her acceptance of voluntary departure by filing a Motion to Reopen on March 23, 2026, which was prior to the deadline to voluntarily depart. (Doc. 2 at 3–4.) Respondents argue that in doing so, Petitioner terminated the grant of voluntary departure and became subject to an alternate final order of removal on March 23, 2026, the day she filed her Motion to Reopen. (Doc. 6 at 1.) Therefore, Respondents argue that she is now subject to mandatory detention during the ninety-day removal period under 8 U.S.C. § 1231(a)(2). (*Id*.) Petitioner argues that "the mere filing of a timely motion to reopen does not establish that an order is 'final' in the sense necessary to trigger the removal period and mandatory post-order detention

while administrative reopening proceedings remain unresolved." (Doc. 7 at 2.) However, none of the cases cited by the Petitioner stand for this proposition.[3] (*Id*. at 2–3, 4.)

Instead, as this Court explained in *Ortega*, the regulations promulgated at 8 C.F.R. § 1240.26(b)(3)(iii) support Respondents' conclusion. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *1 (E.D. Cal. Mar. 26, 2026). That regulation provides:

> [I]f the alien files a post-order motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall terminate automatically and the alternate order of removal will take effect immediately.

8 C.F.R. § 1240.26(b)(3)(iii). In *Ortega*, the petitioner similarly filed a habeas petition seeking relief from mandatory detention where he had initially accepted voluntary departure but later sought to withdraw such request with a motion to reopen. *Ortega*, 2026 WL 836323, at *1. This Court found that Petitioner was "subject to a final removal order" by virtue of the applicable regulation and thus "his detention [was] therefore governed by 8 U.S.C. § 1231." *Id*.

This Court referenced the Supreme Court's decision in *Dada v. Mukasey*, 554 U.S. 1, 21 (2008), which explained the procedure in greater detail:

> We hold that, to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen. As a result, the alien has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion.
>
> If the alien selects the latter option, he or she gives up the possibility of

---

[3] Many of the cases cited by Petitioner outright fail to address the issue before this Court. (*See* Doc. 7 at 2–3, 4.) Further, the few cases which remotely touch on the subject are inapposite. *Cf. Ogio v. I.N.S.*, 2 F.3d 959, 960 (9th Cir. 1993) (dismissing the petition for lack of jurisdiction because petitioner's motion for reconsideration of the IJ's deportation order was still pending before the BIA; therefore, there was no final deportation order to review), *rev'd*, *Pablo v. I.N.S.*, 72 F.3d 110, 113 (9th Cir. 1995) ("[T]he line of Ninth Circuit authority holding that a motion to reopen causes a deportation order to be nonfinal for jurisdictional purposes is overruled"); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–60 (9th Cir. 2008) ("[W]hen a court of appeals issues a stay of removal pending its decision on an alien's petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal"). Here, there is no appeal of an IJ's deportation order pending review by the BIA or Ninth Circuit, but rather an alternate order of removal which automatically took effect upon the filing of a motion to reopen under the applicable voluntary departure regulation. *See* 8 C.F.R. § 1240.26(b)(3)(iii), (d).

readmission and *becomes subject to the IJ's alternative order of removal*. The alien may be removed by the DHS within 90 days, even if the motion to reopen has yet to be adjudicated. But the alien may request a stay of the order of removal, and, though the BIA has discretion to deny the motion for a stay, it may constitute an abuse of discretion for the BIA to do so where the motion states nonfrivolous grounds for reopening.

Similarly, here, the Court finds that Petitioner is subject to a final order of removal under applicable regulations. *Ortega*, 2026 WL 836323, at *1. Petitioner's alternate order of removal took effect March 23, 2026, when she filed the Motion to Reopen. 8 C.F.R. §§ 1240.26(b)(3)(iii).  Therefore, Petitioner is currently subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A), which has not yet passed.[4] *Ortega*, 2026 WL 836323, at *1; *Dada*, 554 U.S. at 21.

**B. Stay of Removal During the Pendency of the Motion to Reopen.**

Petitioner further argues that "[r]emoval during the pendency of a timely motion to reopen is a well-recognized due-process violation because it extinguishes the right to reopening" (Doc. 2 at 6), but *Dada* expressly rejected this argument. *Dada*, 554 U.S. at 21 (explaining that if the noncitizen pursues a motion to reopen instead of voluntary departure, the noncitizen "may be removed by the DHS within 90 days, *even if the motion to reopen has yet to be adjudicated*") (emphasis added).

Alternatively, Petitioner argues that she is entitled to a stay of removal pending a determination on her motion to reopen.[5] (*See* Doc. 2 at 5–6; Doc. 7 at 6–7.) However, none of the cases cited by Petitioner establish that the district court, not the appellate court, has jurisdiction to issue a stay of removal pending a determination on the motion to reopen. *Cf. Nken v. Holder*, 556 U.S. 418, 426–33 (2009) (finding that appellate courts have inherent power to hold an order in abeyance and may issue a

---

[4] "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Because this Court determines that Petitioner is now subject to 8 U.S.C. § 1231(a)(2), the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *See Ortega*, 2026 WL 836323, at *2 n.2; *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

[5] Notably, Petitioner has already sought a stay of removal from the immigration court as part of her Motion to Reopen, (*see* Doc. 1 at 3), but also seeks a stay of removal from this Court. (Doc. 7 at 6.)

stay of removal under 8 U.S.C. § 1252(f) pending a determination on appeal under the application of a traditional four-factor test); *Leiva-Perez v. Holder*, 640 F.3d 962, 963–64, 971 (9th Cir. 2011) (granting petitioner's motion for stay of removal pending the Ninth Circuit's review of the BIA's order denying petitioner's application for asylum and withholding of removal).[6]

Petitioner cites two district court cases which have applied the *Nken* test to argue that this Court has authority to issue a stay of removal pending the immigration court's adjudication on the motion to reopen. (Doc. 7 at 6.) In *Kashannejad*, the district court issued a stay, enjoining USCIS from terminating petitioner's lawful temporary resident status pending the court's ruling on his motion for summary judgment which asked the court to allow him to return to the United States. *Kashannejad v. U.S. Citizenship and Immigration Services*, No. C-11-2228 EMC, 2011 WL 4344197, at *1 (N.D. Cal. Sept. 15, 2011). In *Devitri*, the district court granted a stay of removal so that the petitioners, who were otherwise subject to final removal orders, could file motions to reopen their immigration proceedings based on changed country conditions because they were likely to face persecution if returned to Indonesia due to their Christian faith. *Devitri v. Cronen*, 289 F.Supp.3d 287, 290, 293–298 (D. Mass. 2018). Similarly, this Court in *Chaudhry* also granted a stay of removal pending a determination on Petitioner's motion to reopen based on changed country conditions. *Chaudhry v. Barr*, No. 2:19-cv-00682-TLN-DMC, 2019 WL 2009307, at *1, 5 (E.D. Cal. May 7, 2019). In *Chaudhry*, this Court found that the "Ninth Circuit—and may district court cases that follow—have held that a habeas petition is not a direct challenge to a removal order where the petition requests a stay of removal pending hearing on a motion to reopen *based on changed country conditions*." 2019 WL 2009307, at *3 (emphasis added).

However, the present case does not involve a motion to reopen based on changed country conditions where the petitioner faces likely removal prior to a decision on the motion to reopen, and a significant risk of persecution if removed to their home country. *Cf. Devitri*, 289 F.Supp.3d at 292–93, 296 (finding that petitioners would likely be deported before their motions to stay and reopen are

---

[6] The four factor test enumerated in *Nken* assesses: (1) whether the stay applicant has made as strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken*, 556 U.S. at 434.

adjudicated and finding sufficient irreparable injury due to a significant risk of persecution if removed); *Chaudhry*, 2019 WL 2009307, at *3. Nor does the present case involve a stay of USCIS's termination of petitioner's lawful temporary status. *Cf. Kashannejad*, 2011 WL 4344197, at *1.

As the court in *Villanueva-Bustillos* neatly summarized:

> The Ninth Circuit has never "directly addressed whether or not district courts have jurisdiction over a motion to stay removal proceedings pending the [Board of Immigration Appeals' ("BIA")] resolution of a motion to reopen" (*Corrales v. Sessions*, 2018 WL 4491177, at *2–3 (N.D. Cal. Sept. 19, 2018)). A number of district courts within the circuit have found that they lacked such jurisdiction. *See*, *e.g.*, *Flores v. Johnson*, 2015 WL 12656240 (C.D. Cal. Sept. 30, 2015) (finding district court lacked jurisdiction to stay petitioner's removal pending the decision of the Board of Immigration Appeals ("BIA") decision on his motion to reopen); *Ma v. Holder*, 860 F.Supp.2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under Section 1252(g) to stay a removal pending the BIA's decision on a motion to reopen); *Lopez v. Dep't of Homeland Sec.*, 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the immigration judge's denial of a motion to stay); *Mejia-Espinoza v. Mukasey*, 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the pendency of a motion to reopen before the BIA).

> In contrast, one district court found recently that a request for an order by the district court staying removal is not foreclosed when a petitioner has not been afforded an opportunity to be heard on a motion to reopen his removal proceedings *based upon changed country circumstances*. *Sied v. Nielsen*, 2018 WL 1142202, at *14–27 (N.D. Cal. Mar. 2, 2018) [(emphasis added)].

Instead, this case is more akin to *Mejia-Espinoza*, where the petitioners filed habeas petitions seeking stay of removal so that their motion to reopen could be adjudicated by the BIA. *See Mejia-Espinoza v. Mukasey*, No. CV 08-7984-FMC (PLA), 2009 WL 235625, at *1 (C.D. Cal. Jan. 27, 2009). There, the petitioners had been granted voluntary departure with an alternate order and had filed a motion to reopen and request for stay of removal within the departure period on grounds that they received ineffective assistance of counsel. *Id*. That motion was still pending before the BIA. *Id*. The court found that under 8 U.S.C. §§ 1252(a)(5), (b)(9), (g), the court lacked jurisdiction over petitioner's claim. *Id*. at *2–3. The Court explained: "Under the REAL ID Act, however, the Court lacks jurisdiction over such a challenge because the request to halt the execution of the final orders of removal 'arise[s] from' an 'action' or a 'proceeding' brought in connection with petitioner's removal

7

(8 U.S.C. § 1252(b)(9)), or from 'the decision or action' to 'execute removal orders against' them (8 U.S.C. § 1252(g)). . . Under these circumstances, it appears that the REAL ID Act vests exclusive jurisdiction in the Ninth Circuit Court of Appeals." *Id*. at *3 (citing 8 U.S.C. §§ 1252(a)(5); (b)(2)). Petitioner's case is factually analogous. She seeks a stay of an alternate order of removal that went into effect when she filed a motion to reopen—in part due to ineffective assistance of counsel—during the voluntary departure period, which remains pending before the immigration court. (Doc. 1 at 3; Doc. 2-1 at 2.) Thus, the Court adopts the reasoning in *Mejia-Espinoza*, 2009 WL 235625, at *3.

Accordingly, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. The Court's order prohibiting Petitioner's transfer out of this District and preventing Petitioner's removal from the United States (Doc. 4) is **WITHDRAWN**.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

_____
UNITED STATES DISTRICT JUDGE